IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:16-cr-00952-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NERVA EMILIO PICARD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Nerva Emilio Picard's ("Picard") motion for change of venue to the Southern District of New York pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(I), 18, and 21(b). For the reasons set forth below, the court grants the motion and transfers venue to the United States District Court for the Southern District of New York.

## I. BACKGROUND

The government charges that on or about February 11, 2016, in the District of South Carolina and elsewhere, Picard knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in that he executed and submitted to the United States Department of State an application for an United States Passport Renewal Application for Eligible Individuals (form DS-82), which was subsequently received at the Charleston Passport Center, wherein Picard falsely stated that his name was Nelvado Edmileson Picard and falsely stated his date of birth. The government further charges that on or about February 11, 2016, in the District of South Carolina and elsewhere, Picard knowingly and willfully used a false document, knowing the same to contain a materially, false, fictitious and fraudulent statement and entry, in that he executed and submitted to the United States Department of the State an

1

application for a United States Passport renewal (form DS-82), which was subsequently received at the Charleston Passport Center. The government further charges that in support of his application, Picard submitted a United States Passport which he had fraudulently obtained in 2005, which falsely stated his name was Nelvado Edmileson Picard and falsely stated his date of birth. The government charges Picard with making a false statement and submitting a false document in violation of Title 18, United States Code, Section 1001(a)(3).

Picard filed the present motion to change venue pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(I), 18 and 21(b) on February 9, 2017. The government filed an opposition to the motion on February 23, 2017. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

"[T]he government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Upon a defendant's motion, the court may transfer the proceeding to another district for the convenience of the parties and witnesses and in the interest of justice. Fed. R. Crim. P. 21(b). "The decision whether to transfer a case is committed to the sound discretion of the district court." United States v. Ferguson, 432 F. Supp. 2d 559, 561 (E.D. Va. 2006).

> To warrant a transfer from the district where an indictment was properly returned it should appear that a trial there would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome; and, necessarily, any such determination must take into account any countervailing considerations which may militate against removal.

Id. (quoting United States v. U.S. Steel Corp., 233 F.Supp. 154, 157 (S.D.N.Y. 1964)).

### III. DISCUSSION

"For a defendant to succeed on a Motion to Transfer Venue under Federal Rule of Criminal Procedure 21(b), the defendant must demonstrate that prosecution of the case in the district where the count was properly filed would 'result in a substantial balance of inconvenience' to the defendant." Ferguson, 432 F. Supp. 2d at 562 (quoting United States v. Hurwitz, 573 F.Supp. 547, 552 (S.D.W. Va. 1983)). The court may weigh the following factors in considering the inconvenience to the defendant: (a) location of the defendant; (b) location of witnesses; (c) location of events likely to be in issue; (d) location of documents and records; (e) disruption of the defendant's business; (f) expense to the parties; (g) location of counsel; (h) relative accessibility of place of trial; (i) docket conditions in each district; and (j) any other specific element which might affect the transfer. Id.

Picard resides in Mount Vernon, New York, more than 700 miles from the District of South Carolina. He is charged with making several false statements in a passport renewal application, which was prepared in the Southern District of New York. Indeed, Picard was interviewed by the chief case agent, Diplomatic Security Service Special Agent Alen Kolega ("Kolega"), at the DSS New York Field Office in Manhattan, New York. While at least two witnesses live in this district, namely Passport Specialist Pamela Smalls and Fraud Prevention Manager George Smarz, who were employed at the Charleston Passport Center in Charleston, South Carolina, other witnesses live outside South Carolina, specifically Department of State Diplomatic Security Service Special

Agents Cassandra Shearing and Kolega of the New York field office.[1]  Further, the government concedes that the original documents and records can be accessed electronically via State Department computer systems from New York or South Carolina. Picard has a wife and children, all of whom reside in Mount Vernon, New York.  He has worked for the Mount Vernon School District in Mount Vernon, New York for many years.  Picard filed a financial affidavit to support the appointment of the Federal Public Defender as his counsel, from which the court is able to determine that trial of this case in South Carolina would impose a great financial burden on Picard and his possible witnesses, and transfer to the Southern District of New York would have a de minimis financial impact on the Government.

In weighing the aforementioned factors, the court finds that Picard has demonstrated that adjudicating this matter in this district will result in a "substantial balance of inconvenience" to him.  The court notes that it reached a similar decision when presented with remarkably similar circumstances in both United States v. Suazo, No. 2-15-cr-00228-DCN (D.S.C. 2015) and United States v. Bennett, No. 2-15-cr-00766 (D.S.C. 2017).  Accordingly, the court transfers venue to the Southern District of New York.

---

[1] The government emphasizes that Special Agents Kolega and Shearing are located in Ft. Lee, New Jersey.  Ft. Lee lies adjacent to the George Washington Bridge, which connects New Jersey to Manhattan.  It is located 7.8 miles from Manhattan, and 764 miles from Charleston.  It would clearly be more convenient for Special Agents Kolega and Shearing to appear in the Southern District of New York than in the Charleston Division of the District of South Carolina.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** Picard's motion for change of venue pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The court hereby transfers venue to the United States District Court for the Southern District of New York.

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 1, 2017**
**Charleston, South Carolina**